UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JOSEPH H. KING,

                         Petitioner,

        - against -

DALE ARTUS, Superintendent,

                         Respondent.
--------------------------------------------------------x

04 Cv. 9960 (CLB)

***Memorandum and Order***

Brieant, J.

      Pending before this Court is a *Pro Se* Petition of Mr. Joseph H. King, a New York State prisoner, pursuant to 28 U.S.C. § 2254 (§ 2254), filed December 15, 2004 (Doc. 3). Mr. King seeks to vacate a judgment of conviction in the Supreme Court, County of Dutchess (Marlow, J.), convicting him, following a jury trial, of Two Counts of Murder in the Second Degree (Depraved Indifference Murder). The Judgment of conviction is dated March 24, 1997.

      On July 19, 1995, a grand jury returned an indictment against Joseph H. King on two counts of Murder in the Second Degree for intentional murder, and two counts of Murder in the Second Degree for depraved indifference murder.

      The following facts appear of record, primarily in the Affidavit of Bridget Rahilly Steller, Chief Assistant District Attorney, verified January 21, 2005. In the early morning hours of July 14, 1995, at a Dormitory Building of a New York State Department of Corrections facility in Dover Plains, County of Dutchess, Petitioner shot both Kimberly Dicerbo and Cheryl Harding, New York State Corrections Officers, in the head, causing their deaths. The Bill of Particulars

1

filed by the District Attorney contains the following:

> Substance of Defendant' Conduct as to All Counts of the Indictment
>
> At the above date, time and place, the defendant, using a .9 millimeter semi-automatic pistol, intentionally shot Kimberly A. Dicerbo in the head, and also intentionally shot Cheryl Ann C. Harding in the had, causing their deaths.
>
> By firing his fully loaded and operable .9 millimeter semi-automatic pistol once at Kimberly A. Dicerbo and once at Cheryl Ann C. Harding at close range, inside a dormitory, the defendant acted wantonly and with total disregard for the lives of Kimberly A. Dicerbo and Cheryl Ann C. Harding. By such conduct, the defendant consciously disregarded the substantial and unjustifiable risk that a grave risk of death would result. The defendant's conscious disregard of this risk constituted a gross deviation from the standard of conduct that a reasonable person would observe in this situation. The defendant acted under circumstances which were so callous and wanton to evince a depraved indifference to human life.

In February 1996, Petitioner's first trial, ended in a mistrial, after the Petitioner attempted suicide in his cell and was thereafter found to be psychotically depressed and not fit to proceed. In September, 1996, a second mistrial was granted after the jury was unable to reach a verdict.

The third trial was held from January 28 to February 20, 1997. The jury convicted the Petitioner on two counts of Murder in the Second Degree (Depraved Indifference Murder).

Petitioner appealed to the New York State Supreme Court, Appellate Division, Second Judicial Department, where he raised the following issues: (1) he was denied his due process right to a fair trial and to present a defense when the trial court refused to charge the jury on the affirmative defense of extreme emotional disturbance; (2) the trial court committed error when it delivered a misleading and confusing charge on prior inconsistent statements; (3) the trial court

2

improperly submitted the depraved indifference murder counts out of order and directed the jury to only consider the intentional murder counts if it acquitted the appellant of depraved indifference murder; (4) the trial court committed reversible error by permitting irrelevant and inflammatory testimony, mostly inadmissible hearsay concerning Appellant's amorous interest in Kimberly Dicerbo, violating appellant's right to a fair trial; (5) the court committed reversible error by permitting Dr. Michael Baden to give expert testimony on matters outside the bounds of his expertise and upon inadequate foundation; (6) appellant's conviction should be reversed because of the improper impeachment of a prosecution witness, even though the witness' trial testimony did not affirmatively damage the prosecutor's case; (7) the discretionary consecutive sentences totaling fifty (50) years to life imprisonment were unduly harsh and severe. On July 14, 2003, the Appellate Division affirmed the Petitioners conviction. *People v. King*, 307 A.D.2d 302 (2d. Dept. 2003). The Court held:

> ORDERED that the judgment is affirmed.
>
> The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree is unpreserved for appellate review (*see* CPL 470.05[2]; *People v. Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v. Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.
>
> The sentence imposed was not excessive (*see People v. Suitte*, 90 AD2d 80).
>
> The defendant's remaining contentions are without merit.

Mr. King sought leave to appeal in the New York Court of Appeals by letter dated September 15, 2003. Leave to Appeal was denied on September 30, 2003 by Judge Ciparick. *People v. King*, 100 N.Y. 2d 621. Petitioner did not seek a writ of *certiorari* to the United States

Supreme Court and in his application for leave to appeal to the New York Court of Appeals, he did not present the contentions which he now seeks to raise in Grounds 1, 3 and 7 in this proceeding. Respondent addresses the merits of these claims recognizing that the Court has discretion to deny an unexhausted claim on the merits.

Thereafter, Mr. King, by letter (Doc. 6), requested the Court to hold his petition in abeyance presumably while he sought to exhaust his remedies in the state court, particularly with respect to whether the recent caselaw prevents his conviction for depraved indifference murder under the factual circumstances of the case. *See People v. Payne*, 3 N.Y. 3d 266 (2004) and *People v. Suarez*, 6 N.Y. 3d 202 (2005).

Thereafter, on April 26th, Mr. King filed a petition for a writ of *error coram nobis* in the Appellate Division. In September 2005, the Appellate Division denied the motion without opinion and a motion for leave to appeal to the Court of Appeals was denied by Judge G.B. Smith under date of November 30, 2005.

By its October 3, 2005 decision, the Appellate Division held as follows:

> Application by the Appellant for a writ of coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated July 14, 2003 (*People v. King,* 307 A.D. 2d 302, 762 N.Y.S. 2d 501) affirming a judgment of the County Court, Dutchess County rendered March 24, 1997.
>
> ORDERED that the application is denied.
>
> The Appellee has failed to establish that he was denied the effective assistance of Appellate counsel (*See Jones v. Barnes*, 463 U.S. 745, *People v. Stultz*, 2 N.Y. 3d 277).
>
> The coram nobis application was based upon the *Payne-Suarez* recent caselaw to the

effect that it is impermissible for a prosecutor to charge a criminal defendant with both intentional murder and depraved indifference murder. It is to be noted that convictions for depraved indifference murder where all the facts point to intentional murder are generally attacked in the state courts under the rubric of legally insufficient evidence to establish guilt, an issue which the Appellate Division held in this particular case was unpreserved for Appellate review. In accordance with the practice then in force in the courts of New York, the trial judge instructed the jurors to consider the depraved indifference counts first and not to reach the counts of intentional murder if they convicted on the depraved indifference counts.

Most of the claims raised in the initial petition in this case are dependent on state law, and do not rise to the level of a Constitutional violation. It is clear for example that the issue of extreme emotional disturbance under New York law only arises in connection with a charge of intentional murder. Petitioner agreed that the charges should be submitted to the jury in the order in which they were submitted, and a claim of inadequate assistance of trial counsel has never been made in the case or exhausted. Similarly, with respect to Ground 2, the jury instruction was appropriate under state law, and in the ordinary case, a dispute about the content of a jury instruction, unless it so infects the entire trial, that the resulting conviction violates due process, may not be raised in a petition for the writ. *Cupp v. Naughton,* 414 U.S. 141, 146-47 (1973).
Evidence of prior association between a killer and his victims is ordinarily admissible, and admission of evidence of an amorous interest in one of the victims (as motive) does not rise to the level of a Constitutional violation.

5

Permitting the testimony of Dr. Baden does not represent a Constitutional violation and the same is true of Grounds 6 and 7.

Insofar as the later asserted claim of inadequate assistance of appellate counsel is concerned, this Court notes that it was not the appellate counsel that failed to preserve the issue of whether the trial evidence was sufficient.

If we assume that trial or appellate counsel should have anticipated the recent caselaw concerning depraved indifference murder, the writ could still not be granted in this case absent a showing of prejudice. Neither the sentence nor the conviction for depraved indifference murder resulted in any prejudice to Mr. King. In refusing to find that the appellate counsel was ineffective and that prejudice resulted to Mr. King in the context of this case, the Appellate Division's ruling in connection with the writ of *coram nobis* did not result in a decision that was contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial.

Accordingly, the writ is denied. The Clerk shall file a final judgment.

X

                X

                          X

SO ORDERED.

Dated: White Plains, New York
      May 10, 2006

                                                    */s/ Charles L. Brieant*
                                                Charles L. Brieant, U.S.D.J.